**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

HALEY SIKORA,
on behalf of herself,
and all others similarly situated,

        Plaintiffs,

v.                                            Case No. 18-11075

LADY JANE'S HAIRCUTS FOR MEN
HOLDING COMPANY LLC,
and
CHAD JOHNSON,

        Defendants.
_____/

**OPINION AND ORDER DENYING MOTIONS FOR RECONSIDERATION**

Plaintiff Haley Sikora is a stylist who works at one of Defendant Lady Jane's Haircuts for Men's salons ("the Salon").[1] She alleges that Defendant misclassified her, and a class of similarly situated employees, as independent contractors as opposed to employees and as a result, failed to pay them for all hours worked and/or for overtime compensation for hours worked in excess of forty hours in a single week. (Dkt. # 1, Pg. ID 8-12.)  Plaintiffs allege that Defendant's actions amount to violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. The parties appeared for a scheduling conference before the court on June 26, 2018. At the conference, both parties were represented by retained counsel of their own selection. During the conference, the parties discussed several topics with the court including the need to transfer a related

___

[1] The parties stipulated to dismiss individual Defendant Chad Johnson without prejudice.

case from the Southern District of Ohio to the Eastern District of Michigan for consolidation with the present case and the likely voluntary dismissal of individual Chad Johnson.

Thereafter, the parties submitted a stipulated proposed order to Conditional Class Certification and a stipulated proposed Notice to the Putative Class Plaintiffs pursuant to 29 U.S.C. § 216(b). The court granted conditional class certification consistent with the parties' proposed order and approved the parties' proposed notice. (Dkt. # 20, 21.) Presently before the court is Defendant's motion for reconsideration.

In the Eastern District of Michigan, a party filing a motion for reconsideration must "demonstrate a palpable defect by which the court and the parties . . . have been misled" and "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) (holding that the district's local rules regarding motions for reconsideration are the applicable standard). Generally, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). "A motion for reconsideration is not to be used as a means to reargue matters already argued and dispose[d] of or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Lyles v. Jackson*, No. 2:05-CV-70146, 2006 WL 3106204, at *1 (E.D. Mich. Oct. 31, 2006) (internal citations and quotations omitted). However, it is also not a vehicle to raise new issues for the first time. *See Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 692 (6th Cir. 2012) ("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal."). Instead, a party

must identify a "palpable defect," that is one which "is 'obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)).

Defendant's motions seeks to revoke its stipulation to the proposed orders it submitted jointly with Plaintiff to the court. (Dkt. # 24, 25.) Defendant retained additional counsel after agreeing to the stipulated orders, and argues that it "now understands the stipulations upon which these orders were based are improvident." (Dkt. # 25, Pg. ID 245.) Essentially, based on the advice of new counsel, Defendant has changed its position regarding the stipulated matters and now wants to renegotiate or litigate the matters already determined by the court's orders. (Dkt. # 25, Pg. ID 258.)

Defendant has not identified a palpable defect in the court's orders adopting the parties' stipulated proposed orders. Defendant is a national corporation that presumably has encountered labor disputes with its employees in other jurisdictions and/or contexts. Four attorneys have entered and maintained appearances on Defendant's behalf in this case, one of whom was present for the initial scheduling conference and agreed to the stipulated proposed orders on Defendant's behalf. While it is possible that the terms of the stipulated orders are not particularly advantageous to Defendant's position and that Defendant may have been successful in asserting different terms based on Sixth Circuit law, the court will not reform agreements made by sophisticated parties represented by counsel short of an ethical or legal problem. There being no ethical or legal problem here, the court will deny Defendant's motion.

The court's July 6, 2018 Order Approving Proposed Notice ordered Defendant to "provide Plaintiffs' counsel with stylist names and contact information as specified in this

order by July 20, 2018." (Dkt. # 21, Pg. ID 117.)  Apparently Defendant has not followed that directive and has unilaterally deemed it to have been suspended in hope that the court would grant its motion for reconsideration and change the terms of its obligations. (Dkt. # 28, 30.) In doing so, Defendant has needlessly delayed the progress of this case. The court reaffirms its July 6, 2018 orders and will now reset the case schedule to account for Defendant's noncompliance. The court expects that Defendant will not take any further action to hinder the progress of this case. Accordingly,

IT IS ORDERED Defendant's motions for reconsideration (Dkt. # 24, 25) are DENIED.

IT IS ORDERED Defendant is DIRECTED to provide Plaintiffs' counsel with stylist names and contact information as specified in the court's July 6, 2018 order (Dkt. # 21) by **August 17, 2018**.

IT IS FURTHER ORDERED Plaintiffs are DIRECTED to complete all mailings by **September 7, 2018** at which time the opt-in period will begin and will run for 45 days until **October 22, 2018**.  Following the opt-in period, the court will hold a status conference with the parties on **October 29, 2018 AT 2:00 PM**.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated:  August 10, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 10, 2018, by electronic and/or ordinary mail.

                                          s/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (810) 292-6522

s/Cleland/JudgesDesk/C2Orders/18-11075.SIKORA.DenyReconsider.aju