UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**REBEKAH GRIFFIN, on behalf of herself and all others similarly situated.**

                Plaintiffs,

vs.

**LADY JANE'S HAIRCUTS FOR MEN HOLDING COMPANY, LLC, a Michigan Company,**

                Defendant.

Case No. 18-cv-11075

Hon. Robert H. Cleland

Magistrate Anthony P. Patti

**DEFENDANT'S ANSWER & AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED
CLASS AND COLLECTIVE ACTION COMPLAINT
<u>UNDER THE FAIR LABOR STANDARD [SIC] ACT AND STATE LAW</u>**

Defendant, Lady Jane's Haircuts for Men Holding Company, LLC ("Defendant"), through its attorneys, Clark Hill PLC, respectfully answers and defends against the First Amended Class and Collective Action Complaint Under the Fair Labor Standard [sic] Act and State Law ("Amended Complaint"), as follows:

**INTRODUCTION**

1. Defendant admits only that this is an action seeking relief under the Fair Labor Standards Act ("FLSA") and the Michigan Workforce Opportunity Wage Act ("WOWA"). Defendant denies that it violated either of these statutes, as

well as any remaining allegations in this paragraph, because any such allegations are untrue.

2. Defendant admits only that Plaintiff purports to bring this case as an FLSA collective action on behalf of herself and others similarly situated. Defendant denies that any such collective action is proper or that Plaintiff is similarly situated to any other current or former stylist of Defendant. To the extent this paragraph sets forth legal conclusions which will be determined by the Court no response is required. To the extent this paragraph alleges any wrongdoing by Defendant, such allegations are denied because they are untrue. Moreover, to the extent this paragraph purports to quote or describe any statute, Defendant notes the statute speaks for itself.

3. Defendants admit only that Plaintiff purports to bring this case as a class action pursuant to Federal Rule of Civil Procedure 23. Defendant denies the allegations in Paragraph No. 3 of the Amended Complaint to the extent they suggest such a class is warranted or proper because such allegations are untrue.

## JURISDICTION AND VENUE

4. Defendant neither admits nor denies the allegations set forth in Paragraph No. 4 of the Amended Complaint because the allegations state legal conclusions to which an answer is not required and which will be determined by the Court.

5. Defendant neither admits nor denies the allegations set forth in Paragraph No. 5 of the Amended Complaint because the allegations state legal conclusions to which no answer is required and which will be determined by the Court. To the extent an answer is required, Defendant denies the exercise of supplemental jurisdiction by the Court is appropriate.

6. Defendant admits only that venue is proper in this District based upon Plaintiff's allegations. Defendant denies that Plaintiff or any others similarly situated to her (the existence of which Defendant also denies) are entitled to any damages in this matter because any allegations Defendant violated the FLSA or WOWA are untrue. To the extent any allegations in this Paragraph No. 6 remain unanswered, Defendant denies those allegations as untrue.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore leaves Plaintiff to her proofs.

8. Defendant admits only that it is a Michigan limited liability company headquartered in Michigan and that Tim McCollum is its registered agent at the address alleged. Defendant denies the remaining allegations in this paragraph because the allegations are untrue.

## FACTUAL ALLEGATIONS

### Defendant's Business

9.  Defendant admits only it owns and operates certain retail shops under the name "Lady Jane's Haircuts for Men" but denies ownership of all such stores. Defendants deny the remainder of the allegations in this paragraph because the allegations are untrue.

10. Defendant denies the allegations in Paragraph No. 10 because the allegations are untrue.

11. Defendant denies the allegations in Paragraph No. 11 because the allegations are untrue.

12. Defendant denies the allegations in Paragraph No. 12 because the allegations are untrue.

13. Defendant denies the allegations as stated in Paragraph No. 13 as untrue. Defendant admits only that during portions of the time period alleged Plaintiff was an independent contractor who offered stylist services at one or more of Defendant's locations. To the extent any allegations in this Paragraph No. 13 remain unanswered, Defendant denies those allegations as untrue.

### Defendant's [Alleged] Status as "Employer"

14. Defendant denies the allegations in Paragraph No. 14 because the allegations are untrue.

15. Defendant admits the allegations in Paragraph No. 15.

16. Defendant denies the allegations in Paragraph No. 16 because the allegations are untrue as stated.

17. Defendant denies the allegations in Paragraph No. 17 because the allegations are untrue.

18. Defendant admits only that it owns the entities listed in this Paragraph No. 18. To the extent any allegations in this Paragraph No. 18 remain unanswered, Defendant denies those allegations as untrue.

19. Defendant admits only that it owns the entities listed in this Paragraph No. 19. To the extent Plaintiff references documents which she does not attach to the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief about the truth of these allegations and therefore leaves Plaintiff to her proofs. To the extent any allegations in this Paragraph No. 19 remain unanswered, Defendant denies those allegations as untrue.

**Defendant's [Alleged] Misclassification of Employees**

20. Defendant denies the allegations in Paragraph No. 20 because the allegations are untrue.

21. Defendant denies the allegations in Paragraph No. 21 because the allegations are untrue.

22. Defendant denies the allegations in Paragraph No. 22 because the allegations are untrue.

23. Defendant denies the allegations in Paragraph No. 23 because the allegations are untrue.

24. Defendant denies the allegations in Paragraph No. 24 because the allegations are untrue.

25. Defendant denies the allegations in Paragraph No. 25 because the allegations are untrue.

26. Defendant denies the allegations in Paragraph No. 26 because the allegations are untrue.

27. Defendant denies the allegations in Paragraph No. 27 because the allegations are untrue.

28. Defendant denies the allegations in Paragraph No. 28 because the allegations are untrue.

29. Defendant denies the allegations in Paragraph No. 29 because the allegations are untrue.

30. Defendant denies the allegations in Paragraph No. 30 because the allegations are untrue.

31. Defendant denies the allegations in Paragraph No. 31 because the allegations are untrue.

32. Defendant denies the allegations in Paragraph No. 32 because the allegations are untrue.

33. Defendant denies the allegations in Paragraph No. 33 because the allegations are untrue.

34. Defendant denies the allegations in Paragraph No. 34 because the allegations are untrue.

35. Defendant denies the allegations in Paragraph No. 35 because the allegations are untrue.

36. Defendant denies the allegations in Paragraph No. 36 because the allegations are untrue.

37. Defendant denies the allegations in Paragraph No. 37 because the allegations are untrue.

38. Defendant denies the allegations in Paragraph No. 38 because the allegations are untrue.

## Lady Jane's [Alleged] Failure to Pay Minimum Wages and Overtime Compensation

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation as Plaintiff does not define the term "frequently" and therefore leaves Plaintiff, potential opt-ins, and alleged Michigan class members to their proofs.

40. Defendant denies the allegations in Paragraph No. 40 because the allegations are untrue. Moreover, to the extent this paragraph purports to quote or describe any statute or regulation, Defendant notes the statute or regulation speaks for itself.

41. Defendant denies the allegations in Paragraph No. 41 because the allegations are untrue.

42. Defendant neither admits nor denies the allegations set forth in Paragraph No. 42 of the Amended Complaint because the allegations state legal conclusions to which no answer is required and which will be determined by the Court. Moreover, to the extent this paragraph purports to quote or describe any regulation, Defendant notes the regulation speaks for itself.

43. Defendant denies the allegations in Paragraph No. 43 because the allegations are untrue.

44. Defendant denies the allegations in Paragraph No. 44 because the allegations are untrue, including also the premise of the allegations.

45. Defendant denies the allegations in Paragraph No. 45 because the allegations are untrue, including also the premise of the allegations.

## The Willfulness of Defendant's [Alleged] Violations

46. Defendant denies the allegations in Paragraph No. 46 because the allegations are untrue, including also the premise of the allegations.

47. Defendant denies the allegations in Paragraph No. 47 because the allegations are untrue.

48. Defendant denies the allegations in Paragraph No. 48 because the allegations are untrue.

## **COLLECTIVE ACTION ALLEGATIONS**

49. Defendant repeats and re-alleges the preceding paragraphs as if fully set forth herein.

50. Defendant admits only that Plaintiff purports to bring this case as an FLSA collective action on behalf of herself and others similarly situated. Defendant denies that any such collective action is proper or that Plaintiff is similarly situated to any other current or former stylist of Defendant. To the extent this paragraph sets forth legal conclusions which will be determined by the Court, no response is required. To the extent this paragraph alleges any wrongdoing by Defendant, such allegations are denied because they are untrue. Moreover, to the extent this paragraph purports to quote or describe any statute, Defendant notes the statute speaks for itself.

51. Defendant denies the allegations in Paragraph No. 51 because the allegations are untrue.

52. Defendant denies the allegations in Paragraph No. 52 because the allegations are untrue.

9

53. Defendant denies the allegations in Paragraph No. 53 because the allegations are untrue.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's "belief" regarding the allegations in this Paragraph No. 54 and therefore leaves Plaintiff to her proofs. However, to the extent Plaintiff alleges in this Paragraph No. 54 that any individuals similarly situated to her exist or that Defendant violated the law, Defendant denies the allegations in Paragraph 54 because the allegations are untrue.

## CLASS ACTION ALLEGATIONS

55. Defendant repeats and re-alleges the preceding paragraphs as if fully set forth herein.

56. Defendant admits only that Plaintiff purports to bring this case as an Michigan WOWA class action on behalf of herself and others similarly situated. Defendant denies that any such class action is proper or that any legally viable class exists of which she is a member.

57. Defendant denies the allegations in Paragraph No. 57 because the allegations are untrue.

58. Defendant denies the allegations in Paragraph No. 58 because the allegations are untrue.

59. Defendant denies the allegations in Paragraph No. 59 because the allegations are untrue.

60. Defendant denies the allegations in Paragraph No. 60 because the allegations are untrue.

61. Defendant denies the allegations in Paragraph No. 61 because the allegations are untrue.

62. Defendant denies the allegations in Paragraph No. 62 because the allegations are untrue.

## COUNT I
### (FLSA Minimum Wage and Overtime Violations)

63. Defendant repeats and re-alleges the preceding paragraphs as if fully set forth herein.

64. Defendant admits only that Plaintiff purports to bring this case as an FLSA collective action on behalf of herself and Potential Opt-Ins. Defendant denies that any such collective action is proper or that Plaintiff is similarly situated to any other current or former stylist of Defendant or that Defendant violated the FLSA. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that she "will" make the referenced filing with the Court and therefore leaves Plaintiff to her proofs.

65. Defendant denies the allegations in Paragraph No. 65 because the allegations are untrue. Moreover, to the extent this paragraph purports to quote or describe any statute or regulation, Defendant notes the statute or regulation speaks for itself.

66. Defendant denies the allegations in Paragraph No. 66 because the allegations are untrue.

67. Defendant denies the allegations in Paragraph No. 67 because the allegations are untrue.

68. Defendant denies the allegations in Paragraph No. 68 because the allegations are untrue.

69. Defendant denies the allegations in Paragraph No. 69 because the allegations are untrue. Moreover, to the extent this paragraph purports to quote or describe any statute, Defendant notes the statute speaks for itself.

**COUNT TWO**
**(MICHIGAN MINIMUM WAGE VIOLATIONS)**

70. Defendant repeats and re-alleges the preceding paragraphs as if fully set forth herein.

71. Defendant admits only that Plaintiff purports to bring this case as an Michigan WOWA class action on behalf of a purported class. Defendant denies

that any such class action is proper or that any legally viable class exists of which she is a member.

72. Defendant denies the allegations in Paragraph No. 72 because the allegations are untrue.

73. Defendant denies the allegations in Paragraph No. 73 because the allegations are untrue. Moreover, to the extent this paragraph purports to quote or describe any statute, Defendant notes the statute speaks for itself.

## COUNT THREE
**(Michigan Overtime Violations)**

74. Defendant repeats and re-alleges the preceding paragraphs as if fully set forth herein.

75. Defendant admits only that Plaintiff purports to bring this case as an Michigan WOWA class action on behalf of a purported class. Defendant denies that any such class action is proper or that any legally viable class exists of which she is a member.

76. Defendant denies the allegations in Paragraph No. 76 because the allegations are untrue.

77. Defendant denies the allegations in Paragraph No. 77 because the allegations are untrue. Moreover, to the extent this paragraph purports to quote or describe any statute, Defendant notes the statute speaks for itself.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiff, any class, or any purported member of a class or collective action is entitled to any relief whatsoever, and respectfully requests the Court dismiss this lawsuit and award Defendant its attorney's fees and costs incurred relating to this lawsuit to the extent permitted by law.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations period.

3. Neither Plaintiff nor the proposed collective/class action members are entitled to any monetary relief, either in the form of back pay, front pay or compensatory damages due to their failure to properly mitigate their damages and their damages, if any, are subject to appropriate set-offs.

4. Defendant denies it committed any violation of the FLSA. However, if it did violate the FLSA, then such violation was entirely inadvertent and not willful. Accordingly, the two-year limitations period applies rather than the three-year limitations period which would apply for a willful violation.

5. Defendant denies it committed any violation of the FLSA. However, even if Plaintiff or the proposed collective/class action members can prove a

violation by Defendant, then they are not entitled to liquidated damages because any acts or omissions giving rise to these claims were undertaken or made in good faith, and Defendant had reasonable grounds for believing its acts or omissions did not violate the law.

6. The claims of Plaintiff and the proposed collective/class action members are barred in whole or in part by the *de minimus* doctrine.

7. Defendant denies it committed any violation of the FLSA. However, even if Plaintiff and the proposed collective/class action members did not receive an amount equal to the minimum wage for all hours worked or overtime due, then such claims would be barred in whole or in part because Defendants did not have actual or constructive knowledge that Plaintiffs or the proposed collective/class action members were working the hours claimed.

8. To the extent Plaintiff or the proposed collective/class action members claim any travel time from their home to work, then such claims are barred under the Portal to Portal Act.

9. Defendant denies it committed any violation of the FLSA. However, if Plaintiff or the proposed collective/class action members can prove a violation by Defendant, then Defendant is entitled to a set-off for any wages or other amounts received from the other defendants or third-parties for the work alleged in this lawsuit.

10. Upon information and belief, the claims of Plaintiff and the proposed collective/class action members are barred, in whole or in part, by the doctrines of waiver, estoppel, prior release, novation, accord and satisfaction, modification, unclean hands, payment, and/or laches.

11. Plaintiff and the proposed collective action members do not satisfy the prerequisites for certification of a collective/class action under 29 U.S.C. § 216(b) or Rule 23.

12. The claims of Plaintiff and the proposed collective/class action members are barred, in whole or in part, because same were not Defendant's employees and were properly classified as independent contractors under both federal and state law.

13. The claims of Plaintiff and the proposed collective/class action members are barred by the existence of a valid and applicable independent contractor agreement. This legally-binding contract guided the parties' conduct.

14. Plaintiff and the proposed collective/class action members assumed the risks identified in legally binding contracts executed between the parties and, therefore, Plaintiffs are estopped from asserting any cause of action against Defendant.

15. Plaintiff and the proposed collective action members have not made a *prima facie* case, and do not satisfy the prerequisites for, certification of a

collective/class action under 29 U.S.C. § 216(b), Rule 23, or any other court rule, statute, state law, or federal law.

16. The claims of Plaintiff and the proposed collective/class action members are barred, in whole or in part, because the class is not so numerous that joinder of all members is impracticable.

17. The claims of Plaintiff and the proposed collective/class action members are barred, in whole or in part, because no common questions of law or fact exist among alleged class members sufficient to merit class action treatment.

18. The claims of Plaintiff and the proposed collective/class action members claims are barred, in whole or in part, because the claims of the class representatives are not typical of those of the class.

19. The claims of Plaintiff and the proposed collective/class action members claims are barred, in whole or in part, because the class representative and/or class counsel will not adequately represent the interests of unnamed or absent class members.

20. The claims of Plaintiff and the proposed collective/class action members are barred because they fail to articulate and cannot show the purported class falls within the three types of class actions identified in Federal Rule of Civil Procedure 23(b).

21. The claims of Plaintiff and the proposed collective/class action members are barred because they cannot show sufficient evidence of additional purported class members which would permit this Court to certify the class, as required by Federal Rule of Civil Procedure 23(c)(1)(A).

22. The claims of Plaintiff and the proposed collective/class action members are barred because they cannot show that there are other purported class members "similarly situated" to Plaintiff Rebekah Griffin, sufficient to certify the purported class under the Fair Labor Standards Act.

23. The claims of Plaintiff and the proposed collective/class action members claims are barred, in whole or in part, because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications with respect to individual members of the class.

24. The claims of Plaintiff and the proposed collective/class action members claims are barred, in whole or in part, because questions of law or fact common to members of the putative class do not predominate over any questions affecting any individual members of the putative class.

25. The claims of Plaintiff and the proposed collective/class action members are barred, in whole or in part, because the maintenance of this action as

a class action will not be superior to other available methods of adjudication in promoting the convenient administration of justice.

26. The claims of Plaintiff and the proposed collective/class action members are barred, in whole or in part, because the Court lacks jurisdiction and/or or should decline to exercise supplemental jurisdiction because doing so would be not be warranted under 28 U.S.C. § 1367(c) or the Class Action Fairness Act.

27. The claims of Plaintiff and the proposed collective/class action members are barred, in whole or in part, based upon past investigations into the Company's pay practices as described in *Marshall v. Root's Rest., Inc.*, 667 F.2d 559, 561 (6th Cir. 1982).

Defendant reserves the right to add any additional affirmative defenses that may become known during the course of discovery or otherwise.

Wherefore, Defendant, Lady Jane's Haircuts for Men Holding Co., LLC, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice, and award Defendant its costs and attorney fees and any other relief deemed just and appropriate.

          Respectfully submitted,

          Clark Hill PLC

          By: s/Daniel A. Krawiec
              Christopher M. Trebilcock (P62101)
              Daniel A. Krawiec (P78783)

|  |  |
|---|---|
|  | 500 Woodward Avenue, Suite 3500 |
|  | Detroit, MI  48226 |
|  | (313) 965-8300 |
|  | ctrebilcock@clarkhill.com |
|  | dkrawiec@ClarkHill.com |
| Dated:  December 5, 2018 | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2018, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all of the parties of record.

        CLARK HILL PLC

        s/Daniel A. Krawiec
        Daniel A. Krawiec (P78783)