UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**REBEKAH GRIFFIN, on behalf of herself and all others similarly situated,**

        Plaintiffs,

vs.

**LADY JANE'S HAIRCUTS FOR MEN HOLDING COMPANY, LLC,**

        Defendants.

Case No. 18-cv-11075

Hon. Robert H. Cleland

Magistrate Anthony P. Patti

---

| | |
|---|---|
| SCOTT & WINTERS LAW FIRM, LLC<br>Joseph F. Scott (0029780)<br>Kevin M. McDermott II (0090455)<br>The Caxton Building<br>812 Huron Road E., Suite 490<br>Cleveland, OH  44114<br>(216) 912-2221<br>jscott@ohiowagelawyers.com<br>kmcdermott@ohiowagelawyers.com<br>*Attorney for Plaintiffs*<br><br>YALDOU LAW<br>Bryan Yaldou (P70600)<br>23000 Telegraph, Suite 5<br>Brownstown, MI 48134<br>(734) 692-9200<br>bryan.yaldou@gmail.com<br>*Attorney for Plaintiffs*<br><br>Thomas A. Downie (0033119)<br>46 Chagrin Falls Plaza #104<br>Chagrin Falls, Ohio 44022<br>(440) 973-9000<br>tom@chagrinlaw.com<br>*Attorney for Plaintiffs* | LUSK ALBERTSON PLC<br>Robert T. Schindler (P70925)<br>Anya M. Lusk (P78137)<br>409 E. Jefferson, Fifth Floor<br>Detroit, Michigan 48226<br>(248) 258-2851<br>rschindler@luskalbertson.com<br>alusk@luskalbertson.com<br>*Attorneys for Defendants*<br><br>CLARK HILL PLC<br>Christopher M. Trebilcock (P62101)<br>Daniel A. Krawiec (P78783)<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI  48226<br>(313) 965-8300<br>ctrebilcock@clarkhill.com<br>dkrawiec@ClarkHill.com<br>*Attorneys for Defendants* |

221611307.1

## STIPULATED ORDER APPROVING COLLECTIVE ACTION SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

This matter comes before the Court pursuant to Parties' notification they have settled this matter.

**WHEREAS**, on April 3, 2018, Plaintiffs filed a Class and Collective Action Complaint Under the Fair Labor Standards Act and State Law (Dkt. #1), alleging that Defendant Lady Jane's failed to properly pay them minimum wage and overtime compensation because they were misclassified as independent contractors;

**WHEREAS**, on August 6, 2018, the Court entered a Stipulated Order Certifying Conditional Class (Dkt. # 20), which conditionally certified a class as follows:

> All stylists who worked at Lady Jane's Haircuts for Men as "independent contractors" during the period three years preceding the commencement of this action to the present.

**WHEREAS**, on August 6, 2018, the Court entered an Order Approving Proposed Notice (Dkt. # 21), including an Opt-In and Consent Form which, among other things, stated that by consenting to become an opt-in an individual gives their "consent to be a Party Plaintiff in this case and agree[s] to be bound by any settlement or judgment of the Court in this Action," as well as their "consent to be bound by the decisions made by" the named-Plaintiff (Dkt. #21-1);

2

221611307.1

**WHEREAS**, thereafter an Amended Complaint (Dkt. #50-1) which amended the original Complaint to replace Haley Siroka with Rebekah Griffin as the named-Plaintiff was filed;

**WHEREAS**, after the opt-in period ended the Parties engaged in discovery sufficient to allow each side to determine the strengths and weaknesses of their claims and defenses, including multiple depositions and document exchanges;

**WHEREAS**, after this discovery, Defendant contends and Plaintiff does not oppose the following factual and legal conclusions:

(a) Lady Jane's properly classifies its hair stylists as independent contractors under a valid booth rental model, depending upon individualized factors pertaining to each individual stylist.

(b) Lady Jane's, in maintaining the independent contractor classification for stylists, has relied in good faith, and operated without malice, including but not limited to because of a determination by the United States Department of Labor in DOL Case No. 1690926, which found and ordered that Lady Jane's classification of it stylists as independent contractors is compliant with the Fair Labor Standards Act. As a result, if the Parties proceeded to trial then Lady Jane's would likely have an absolute defense to liability under 29 U.S.C § 259(a), an absolute defense against liquidated damages under 29 U.S.C § 260, and the benefit of a two-year statute of limitation under 29 U.S.C § 255.

**WHEREAS**, on March 21, 2019, the Parties attended a mediation conference and, in light of the agreed facts above, as well as the recognition that Plaintiffs could potentially demonstrate that as to certain individuals one or more of the fundamental business practices of Lady Jane's was not followed, the Parties agreed to settle this matter, as further outlined in the Parties' Settlement Agreement;

**WHEREAS**, the Court has carefully reviewed the Parties' Settlement Agreement,[1] as well as the record, agrees with the Parties' factual and legal conclusions outlined above, and finds the Settlement Agreement to be a fair and a reasonable compromise of all claims.

**IT IS THEREFORE ORDERED** as follows:

(a)     The Court, after an independent review of the record, adopts as its own, and includes as part of this Order, the factual and legal conclusions as outlined above;

---

[1]     The Court reviewed the agreement *in camera* due to the Parties agreeing on confidentiality of the terms of the settlement. *See Moore v. S. Fla. Restoration, Inc.*, No. 18-21956-Civ-COOKE/GOODMAN, 2018 WL 6620872 (S.D. Fla. Nov. 16, 2018) (granting motion for in camera inspection of an FLSA settlement agreement); *Massey v. Tobler Constr., Inc.*. No. 2:12-cv-415-Ftm-29SPC, 2013 WL 12167535 (M.D. Fla. Mar. 29, 2013) (following this procedure where the parties agreed to confidentiality of the terms of the settlement), R&R adopted by 2012 WL 12166222 (M.D. Fla. Apr. 23, 2013).

221611307.1

(b)     The Court approves and adopts the Settlement Agreement, including the Schedule of Payments attached as Exhibit A, and named-Plaintiff Rebekah Griffin, as well as all individuals who filed an Opt-In and Consent Form in this lawsuit, shall be bound by the Settlement Agreement; and

(c)     The Court dismisses this lawsuit with prejudice, with each side to bear their own fees and costs unless otherwise agreed.  The Court retains jurisdiction to enforce the terms of the Parties' settlement agreement.  The Clerk of Court is directed to close this matter.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
DISTRICT COURT JUDGE

Dated: May 15, 2019

**Stipulated as to form and substance:**

By: s/Joseph F. Scott (w/consent)
  Scott & Winters Law Firm, LLC
  Joseph F. Scott (0029780)
  Kevin M. McDermott II (0090455)
  The Caxton Building
  812 Huron Road E., Suite 490
  Cleveland, OH  44114
  (216) 912-2221
  jscott@ohiowagelawyers.com
  kmcdermott@ohiowagelawyers.com
  *Attorney for Plaintiffs*

By: s/Christopher M. Trebilcock
  Christopher M. Trebilcock (P62101)
  Daniel A. Krawiec (P78783)
  Clark Hill PLC
  500 Woodward Avenue, Ste. 3500
  Detroit, MI  48226
  Tel: (313) 965-8575
  Fax: (313) 309-6979
  ctrebilcock@clarkhill.com
  dkrawiec@clarkhill.com
  *Attorneys for Defendants*